Per Curiam.

This cause is before the court on the demurrer to the petition, presenting the question of the constitutionality of that portion of Section 5123.23, Eevised Code, which reads as follows:
“No such person 70 years of age or over shall be committed under division (A) and no such person shall be committed under division (C), placed under *212 divisions (D) or (F), or remanded under division (E) until after consent to accept such person is received from the designated institution, hospital, clinic, or suitable person.”
Relator contends that the quoted portion of the section is unconstitutional ‘‘because of the unlimited discretion it grants an administrative officer to give or to withhold consent. ’ ’
For the reason that fewer than six members of the court are of the opinion that the above-quoted provision of the section is unconstitutional, the court cannot so declare it. Therefore, relator is not entitled to the relief prayed for.
The demurrer to the petition is sustained and a writ of mandamus is denied.

Writ denied.

Stewart, J.
In my opinion this court should allow the writ of mandamus prayed for. Where legislation gives the arbitrary and unrestricted power to an administrative officer to consent or not consent to the admission of a person over 70 years of age to a state hospital for the mentally ill for treatment, which person has been lawfully committed to such institution by the Probate Court, and where such legislation lays down no rules or standards as a guide for the action of such administrative officer, such legislation amounts to a delegation of legislative power and is violative of the equal protection of the law guaranties of the state and federal constitutions. The upholding of such legislation is in direct conflict with the decision of this court in the case of City of Cincinnati v. Cook, 107 Ohio St., 223, 140 N. E., 655.
Weygandt, C. J., and Middleton, J., concur in the foregoing separate opinion by Stewart, J.
Lamneck, J., not participating.